# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARRY ZIGICH, JR., | Civil Action No. 17-6105 (MAS) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| GARY M. LANIGAN, et al., | |
| Defendants. | |

Plaintiff Garry Zigich Jr., a prisoner currently confined at the New Jersey State Prison in Trenton, New Jersey, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The IFP application is technically deficient, as Plaintiff did not submit a six-month prison account statement as required by 28 U.S.C. § 1915(a)(2). Plaintiff submitted an account certification signed by an appropriate prison official. (Account Certification, ECF No. 1-1.) Plaintiff, however, did not attach a trust fund account statement or institutional equivalent. Plaintiff advised the Court that although he requested a six-month statement, the prison refused to provide him with one on two separate occasions. (*See* Pl.'s Letter 1, ECF No. 1-3 ("How could [the official] certify a statement regarding the 'attached' account statement if there was no account statement?").)

The Court requires more information before it will excuse this deficiency. Specifically, Plaintiff must provide an affidavit that sets forth: (1) the names and titles of the authorized prison officials he approached with requests for a certified copy of his account statement for the six-month period immediately preceding the filing of the Complaint; (2) the dates of the requests; and (3) the reasons the authorized prison officials gave to Plaintiff for denying his requests. Upon review of Plaintiff's affidavit to that effect, the Court will then determine whether to excuse Plaintiff's failure to obtain a six-month account statement, or whether to conduct additional

inquiries into the issue. Due to the serious health conditions alleged in the Complaint, however, the Court finds it prudent to conditionally grant Plaintiff's IFP application, and afford Plaintiff thirty (30) days to cure the deficiencies identified herein.

Plaintiff also expressed his intention to file a preliminary injunction motion and requested aid from the Court to do so. (Pl.'s Letter 2.) Due to the health conditions alleged in the Complaint that may be sufficiently serious to warrant the Court's immediate attention, the Court construes Plaintiff's request, supported by the allegations in the Complaint, as a preliminary injunction application for immediate medical treatment, and directs the prison to show cause as to why a preliminary injunction should not be granted.

IT IS therefore on this 13th day of September, 2017,

**ORDERED** that Plaintiff's request to proceed *in forma pauperis* is hereby **CONDITIONALLY GRANTED**;

**ORDERED** that Plaintiff shall, within thirty (30) days of this Order, cure the deficiencies in the IFP application identified above; failure to do so may result in the rescindment of Plaintiff's IFP status;

**ORDERED** that, for the purposes of the preliminary injunction application, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of the New Jersey State Prison; the prison is hereby ordered, within fourteen days of the date of this Order, to show cause as to why the preliminary injunction application should not be granted; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**