# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GARRY ZIGICH, JR.,

      Plaintiff,

      v.

GARY M. LANIGAN, et al.,

      Defendants.

Civil Action No. 17-6105 (MAS)

**MEMORANDUM AND ORDER**

Plaintiff Garry Zigich Jr., a prisoner currently confined at the New Jersey State Prison in Trenton, New Jersey, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The IFP application is technically deficient, as Plaintiff does not submit a six-month prison account statement as required by 28 U.S.C. § 1915(a)(2). The Court conditionally granted the IFP application despite this deficiency, due to the serious nature of Plaintiff's medical claims in the Complaint. (Order, Sept. 13, 2017, ECF No. 2.) The Court ordered Plaintiff to show cause as to why IFP should be granted despite this deficiency. (*Id.*). Plaintiff has since submitted the required six-month account statement, curing the defects in his original IFP application. (*See* ECF No. 6.)

**IT IS** therefore on this _11th_ day of _October_, 2017,

**ORDERED** that Plaintiff's request to proceed *in forma pauperis* is hereby **GRANTED IN FULL**;

**ORDERED** that the Complaint shall be filed;

**ORDERED** that **SUMMONS SHALL NOT ISSUE**, at this time, as the Court's *sua sponte* screening has not yet been completed;

**ORDERED** that the time to serve process under Fed. R. Civ. P. 4(m) is hereby extended to the date 90 days after the Court permits the Complaint to proceed;

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk of the Court shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of the New Jersey State Prison in Trenton, New Jersey;

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid;

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full;

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing

fee is paid; each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

ORDERED that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE